IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ARTILLIS MITCHELL,

                OPINION AND ORDER

      Petitioner,

                  19-cv-245-bbc

  v.

REED A. RICHARDSON,

      Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Artillis Mitchell filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, in which he challenges a 2015 conviction for first degree sexual assault. Petitioner contends that (1) his trial counsel was ineffective for failing to object to the introduction of a knife that was not proven to be the weapon used in the charged crime; and (2) the evidence at trial was insufficient to convict him. The petition is briefed and ready for decision. For the reasons that follow, I conclude that petitioner has failed to show a denial of his constitutional rights. Accordingly, I will deny the petition.

BACKGROUND

  The following facts are drawn from the petition and state court records provided by petitioner and the state.

1

In Milwaukee County case number 2014CF5719, petitioner Artillis Mitchell was charged with one count of first-degree sexual assault by use of a dangerous weapon, as an act of domestic abuse, in violation of Wis. Stat. §§ 940.225(1)(b) and 968.075(1)(a). The underlying accusations accused petitioner of sexually assaulting the mother of his children, after forcing his way into her residence and threatening her with a box cutter. Petitioner pleaded not guilty to the charge and proceeded to a jury trial.

The state's theory at trial was that petitioner and the victim had been in an abusive relationship for many years, and that the victim knew that she needed to comply with petitioner's demands or risk injury. The victim testified about prior violent incidents with petitioner, including petitioner's threatening her with a screwdriver and meat cleaver, and petitioner hitting her with a hammer. The victim testified that during the incident for which petitioner was on trial, petitioner pushed his way into her home, held her by the throat, thumped her on the chest and threatened her with a box cutter. The victim testified that the box cutter had a blade that slid "in and out," and that she could not remember what color it was. She later testified that the box cutter was orange.

A police officer testified about seizing petitioner a few blocks from the victim's home shortly after the incident. The police officer testified that a black and silver utility knife was seized from petitioner during the arrest, and that the knife looked like a box cutter. No one asked the victim whether the utility knife seized by the officer could have been the box cutter that petitioner used to threaten her.

Petitioner testified in his own defense. He stated that he and the victim were in a relationship and that, although the victim resisted initially, the sexual intercourse was ultimately consensual. Petitioner denied striking the victim. He also denied threatening the victim with a knife, but admitted that he did have a utility knife on his belt.

The court instructed the jury to determine whether petitioner was guilty of first-degree sexual assault by use or threat of use of a dangerous weapon. Dkt. #18-5 at 4. The court also instructed the jury on the lesser-included offense of second-degree sexual assault. Id. The jury found petitioner guilty of first-degree sexual assault. He was sentenced to 25 years of incarceration and 15 years of extended supervision.

Petitioner, through new counsel, filed a postconviction motion challenging the effectiveness of his trial counsel. He argued that trial counsel should have objected to the introduction of the black and silver utility knife because that was not the orange box cutter described by the victim. The circuit court denied petitioner's motion without a hearing, dkt. #1-2, and the court of appeals affirmed. Dkt. #1-1.

The court of appeals concluded that petitioner was not prejudiced by his trial counsel's lack of objection to the utility knife, because the knife was relevant evidence and was admitted properly. Id. at 11. The court also rejected petitioner's argument that the evidence was insufficient to convict him. Id. at 6-9. The Wisconsin Supreme Court denied petitioner's petition for review. Dkt. #18-7.

OPINION

Petitioner contends that he is entitled to habeas relief because: (1) his counsel was ineffective for failing to object to introduction of the utility knife; and (2) the evidence was insufficient to convict him. To prevail on his petition, petitioner must show that he is "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. §§ 2241(c), 2254(a). Because the Wisconsin Court of Appeals addressed the merits of petitioner's claims when it affirmed the denial of his postconviction motion, this court's review is subject to the deferential standard of review under 28 U.S.C. § 2254(d). Under § 2254(d)(1), petitioner must show that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." A decision is contrary to clearly established federal law if it applies a rule that is different from governing law set forth in Supreme Court cases. Bailey v. Lemke, 735 F.3d 945, 949-50 (7th Cir. 2013). A decision involves an unreasonable application of Supreme Court precedent if the decision identifies the correct governing rule of law, but applies the law unreasonably to the facts of the case. Id.

Alternatively, petitioner can obtain relief if he shows that the state court's adjudication of his claim was based upon an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2). But again, the federal court owes deference to the state court. The underlying state court findings of fact are presumed correct unless the petitioner comes forth with clear and convincing evidence to

the contrary. 28 U.S.C. § 2254(e)(1); Campbell v. Smith, 770 F.3d 540, 546 (7th Cir. 2014).

### A. Counsel's Failure to Object to Introduction of Knife

Petitioner contends that his trial counsel provided ineffective assistance when he failed to object to the introduction of the black and silver utility knife that was recovered from petitioner when he was arrested. Petitioner argues that the knife should not have been admitted because it was materially different from the box cutter described by the victim.

The Wisconsin Court of Appeals stated correctly that to succeed on his ineffective assistance claim, petitioner must show both that his counsel's performance was deficient and that he was prejudiced as a result. Dkt. #1-1, ¶ 20 (citing Strickland v. Washington, 446 U.S. 668, 687 (1984)). To demonstrate deficient performance, petitioner must show "that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. To demonstrate prejudice, petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The Wisconsin Court of Appeals concluded that petitioner had failed to show that he was prejudiced by counsel's failure to object to admission of the utility knife because the utility knife was relevant and was admitted properly. The court of appeals' analysis and conclusion are reasonable. As the court of appeals stated, it was undisputed that

petitioner had the knife at the time of his arrest, and petitioner admitted that he had the knife when he was in the victim's home. Dkt. #1-1 at 11. The knife was similar to the box cutter described by the victim, except for the color, but the victim's testimony regarding the color was inconsistent. Id. It was up to the jury to reconcile any inconsistencies in the evidence. Id.

The court of appeals' rejection of petitioner's ineffective assistance of counsel claim was not contrary to, or an unreasonable application of Strickland. Nor was the court of appeals' decision unreasonable in light of the evidence.

### B. Sufficiency of the Evidence

Petitioner also argues that the evidence was insufficient to convict him of first-degree sexual assault by use of a dangerous weapon because there was insufficient evidence to prove that petitioner used, or threatened to use, the dangerous weapon—the box cutter—to compel sexual intercourse. He argues that the victim testified only that petitioner showed her the box cutter, not that he used it or threatened her with it.

In evaluating a sufficiency of the evidence challenge, courts ask: "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The Wisconsin court of appeals cited the correct standard when evaluating petitioner's sufficiency of the evidence challenge. Dkt.

#1-1 at 5. This court may grant relief only if the state appellate court's conclusion was objectively unreasonable. Coleman v. Johnson, 566 U.S. 650, 651 (2012).

In this instance, the court of appeals' analysis and conclusion were reasonable. The court explained that, based on the victim's testimony, a reasonable jury could infer that petitioner threatened the victim with the box cutter. Dkt. #1-1 at 7. The victim testified that the petitioner had a history of threatening her and hurting her during physical and sexual assaults, including by using a screwdriver, meat cleaver and hammer. The victim testified that during the specific incident, petitioner pushed into the victim's home, grabbed her by the neck, showed her the box cutter and used physical force to sexually assault her. A reasonable jury could rely on this testimony to find that the victim was forced to engage in sexual intercourse with petitioner because of petitioner's anger, his history of violence, his history of using tools to threaten her in the past and his showing her the box cutter.

In sum, petitioner's conviction was supported by sufficient evidence, and petitioner has not shown that he is entitled to habeas relief.

### C. Certificate of Appealability

The only question remaining is whether to issue petitioner a certificate of appealability. Under Rule 11 of the Rules Governing Section 2254 cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial

showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 282 (2004)(quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Although the rule allows me to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. Petitioner has not made a showing, substantial or otherwise, that his conviction was obtained in violation of clearly established federal law as decided by the Supreme Court. Because reasonable jurists would not otherwise debate whether a different result was required, I will not issue petitioner a certificate of appealability.

## ORDER

IT IS ORDERED that

1. Petitioner Artillis Mitchell's petition for a writ of habeas corpus under 28 U.S.C. § 2254, dkt. #1, is DENIED, and this case is DISMISSED. The clerk of court is directed to enter judgment for respondent and close this case.

2. A certificate of appealability is DENIED. If petitioner wishes, he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered this 4th day of January, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge